KINDRA DENEAU (State Bar No. 024156)
7135 East Camelback Rd., Suite 230
Scottsdale, Arizona 85251
Telephone: (480) 306-5977
Facsimile: (602) 626-3504
E-mail: kdeneau@lemberglaw.com

*Of Counsel to*
Lemberg & Associates LLC
A Connecticut Law Firm
1100 Summer Street
Stamford, CT  06905
Telephone: (203) 653-2250
Facsimile: (203) 653-3424

Attorneys for Plaintiff,
Anna Campbell

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Anna Campbell,<br><br>  Plaintiff,<br><br>  vs.<br><br>Pinnacle Asset Group, L.L.C.; and DOES 1-10, inclusive,<br><br>  Defendants. | Case No.:<br><br>**COMPLAINT** |

For this Complaint, the Plaintiff, Anna Campbell, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), and the invasions of Plaintiff's personal privacy by the Defendants and its agents in their illegal efforts to collect a consumer debt.

2. Original and supplemental jurisdiction exists pursuant to 28 U.S.C. §§ 1331, 1367.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendants transact business here and a substantial portion of the acts giving rise to this action occurred here.

## PARTIES

4. The Plaintiff, Anna Campbell (hereafter "Plaintiff"), is an adult individual residing in Chandler, Arizona, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5. The Defendant, Pinnacle Asset Group, L.L.C. (hereafter "Pinnacle"), is a business entity with an address of 3221 Southwestern Blvd, Suite 305, Orchard Park, New York 14127, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

6. Does 1-10 (the "Collectors") are individual collectors employed by Pinnacle and whose identities are currently unknown to the Plaintiff. One or more of the

2

Collectors may be joined as parties once their identities are disclosed through discovery.

7. Pinnacle at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

**A.    The Debt**

8. The Plaintiff allegedly incurred a financial obligation (the "Debt") to an original creditor (the "Creditor").

9. The alleged Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

10. The alleged Debt was purchased, assigned or transferred to Pinnacle for collection, or Pinnacle was employed by the Creditor to collect the alleged Debt.

11. The Defendants attempted to collect the alleged Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

**B.    Pinnacle Engages in Harassment and Abusive Tactics**

12. On or about January 17, 2012, Pinnacle placed its first call to Plaintiff and left her a voice message in an attempt to collect the alleged Debt.

13. Plaintiff was unable to answer Pinnacle's call however she returned it later that same day.

3

14. Although Pinnacle had Plaintiff's correct telephone number and contact information, Pinnacle placed calls to Plaintiff's two sisters, Plaintiff's brother, and Plaintiff's sister's mother-in-law. None of these individuals are cosigners on the alleged Debt.

15. When speaking with Plaintiff's brother, Pinnacle claimed that they were filing a lawsuit against Plaintiff and that Plaintiff might be arrested. In response to Pinnacle's conversation with Plaintiff's brother, Plaintiff's brother frantically called Plaintiff to inform her that Pinnacle intended on taking legal action against her and possibly arresting her if she did not return Pinnacle's call. To date, Pinnacle has not taken such action against Plaintiff.

16. Plaintiff spoke with Pinnacle representative "Jack Malone." Mr. Malone identified Pinnacle as a "legal processing firm" and informed Plaintiff that Pinnacle had already taken legal action against Plaintiff in Maricopa County Court. Further, Mr. Malone told Plaintiff that Pinnacle intended on garnishing her wages and seizing "whatever assets" Plaintiff has, including her house, in an attempt to collect the alleged Debt. Upon information and belief, Pinnacle has not taken legal action against Plaintiff to date.

17. Plaintiff spoke with another Pinnacle representative, "Andrew Montana" about the alleged Debt. Plaintiff attempted to ask Mr. Montana for additional information about the alleged Debt. Mr. Montana used rude and abusive language when speaking

4

with Plaintiff, accusing Plaintiff of "being dishonest" and telling her to "stop wasting my time" and "have some integrity" in response to Plaintiff's requests for information about the alleged Debt.

### C. **Plaintiff Suffered Actual Damages**

18. The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendants' unlawful conduct.

19. As a direct consequence of the Defendants' acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

20. The Defendants' conduct was so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

## COUNT I
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692, et seq.

21. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

5

22. The Defendants contacted third parties and failed to identify themselves and further failed to confirm or correct location information, in violation of 15 U.S.C. § 1692b(1).

23. The Defendants contacted third parties in regards to the Plaintiff's debt on numerous occasions, without being asked to do so, in violation of 15 U.S.C. § 1692b(3).

24. The Defendants communicated with individuals other than the Plaintiff, the Plaintiff's attorney, or a credit bureau, in violation of 15 U.S.C. § 1692c(b).

25. The Defendants engaged in behavior the natural consequence of which was to harass, oppress, or abuse the Plaintiff in connection with the collection of a debt, in violation of 15 U.S.C. § 1692d.

26. The Defendants used profane and abusive language when speaking with the consumer, in violation of 15 U.S.C. § 1692d(2).

27. The Defendants misrepresented the legal status of the debt, in violation of 15 U.S.C. § 1692e(2).

28. The Defendants made statements to mislead the Plaintiff into believing the communication was from a law firm or an attorney, in violation of 15 U.S.C. § 1692e(3).

29. The Defendants threatened the Plaintiff with garnishment if the debt was not paid, in violation of 15 U.S.C. § 1692e(4).

6

30. The Defendants threatened the Plaintiff with imprisonment if the debt was not paid, in violation of 15 U.S.C. § 1692e(4).

31. The Defendants threatened the Plaintiff with seizure of her property if the debt was not paid, in violation of 15 U.S.C. § 1692e(4).

32. The Defendants threatened the Plaintiff with attachment of her property if the debt was not paid, in violation of 15 U.S.C. § 1692e(4).

33. The Defendants threatened to take legal action, without actually intending to do so, in violation of 15 U.S.C. § 1692e(5).

34. The Defendants employed false and deceptive means to collect a debt, in violation of 15 U.S.C. § 1692e(10).

35. The Defendants threatened to unlawfully repossess or disable the Plaintiff's property, in violation of 15 U.S.C. § 1692f(6).

36. The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

37. The Plaintiff is entitled to damages as a result of the Defendants' violations.

## COUNT II

### INVASION OF PRIVACY BY INTRUSION UPON SECLUSION

38. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

7

39. The Restatement of Torts, Second, § 652(b) defines intrusion upon seclusion as, "One who intentionally intrudes…upon the solitude or seclusion of another, or his private affairs or concerns, is subject to liability to the other for invasion of privacy, if the intrusion would be highly offensive to a reasonable person."

40. Arizona further recognizes the Plaintiff's right to be free from invasions of privacy, thus Defendant violated Arizona state law.

41. The Defendants intentionally intruded upon Plaintiff's right to privacy by continually harassing the Plaintiff with excessive phone calls to third parties.

42. The telephone calls made by Defendants were "a substantial burden to her existence," thus satisfying the Restatement of Torts, Second, § 652(b) requirement for an invasion of privacy.

43. The conduct of the Defendants in engaging in the illegal collection activities resulted in multiple invasions of privacy in such a way as would be considered highly offensive to a reasonable person.

44. As a result of the intrusions and invasions, the Plaintiff is entitled to actual damages in an amount to be determined at trial from Defendants.

45. All acts of Defendants and its agents were committed with malice, intent, wantonness, and recklessness, and as such, Defendants are subject to punitive damages.

8

# **PRAYER FOR RELIEF**

WHEREFORE, the Plaintiff prays that judgment be entered against the Defendants:

A. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against the Defendants;

B. Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against the Defendants;

C. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against the Defendants;

D. Actual damages from the Defendants for the all damages including emotional distress suffered as a result of the intentional, reckless, and/or negligent FDCPA violations and intentional, reckless, and/or negligent invasions of privacy in an amount to be determined at trial for the Plaintiff;

E. Punitive damages;

F. For Plaintiff's statutory costs in relation to Arizona claim(s) pursuant to A.R.S. § 12-341; and

G. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

| | | |
|---|---|---|
| 1 | DATED: March 7, 2012 | LEMBERG & ASSOCIATES, LLC |

By: __/s/  Kindra Deneau__
Kindra Deneau

Attorney for Plaintiff
Anna Campbell